*974 OPINION.
Philips :
The principal issue in this case is whether petitioner is entitled to classification as an exempt corporation under section 231 of the Revenue Act of 1921. An alternative issue arises if it is held that petitioner is not exempt from taxation.
Section 231 of the Revenue Act of 1921 provided that the following organizations should be exempt from income tax:
(6) Corporations, and any community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no parr of the net earnings of which inures to the benefit of any private stockholder or individual.
Petitioner was created by Forstmann & Huffmann Co. for the purpose of carrying out the plans of that company for welfare work among its employees. It acquired certain land and dwellings, which were rented to such employees substantially at cost. Its greatest source of income was from payments made to it by the Forstmann & Huffmann Co. under a contract whereby petitioner was to furnish dental, medical and hospital services and pay sickness and death benefits to the employees of that company or their beneficiaries. This case is distinguished from those where mutual benefit associations were involved, because practically no portion of its income was derived from payments made by its members. See Philadelphia & Reading Relief Assn., 4 B. T. A. 713; Employees’ Benefit Assn. of American Steel Foundries, 14 B. T. A. 1166; and Pontiac Employees' Mutual Benefit Assn., 15 B. T. A. 74. In such cases we have a group of individuals organized for mutual protection, their respective rights being fixed and enforcible.
*975 On the other hand, petitioner is not in the position of these charitable enterprises whose beneficiaries are indefinite and without en-forcible claim against its funds. Its beneficiaries are limited to employees of the Forstmann & Huffmann Co. All of such employees are entitled to the benefits of the plan provided for in the contract between that company and petitioner, whatever their financial condition may be and without regard to any need for charitable relief. What is far more important, the precise extent of the relief to be granted is fixed by that contract. With minor exceptions, petitioner has no power to increase or decrease the relief or benefit which the employees may receive. All of the rights of the parties concerned, including those of the so-called donor and beneficiaries, were fixed by contract. In this material respect the case is different from John R. Sibley, Executor, 16 B. T. A. 915, and Union Pacific Railway v. Artist, 60 Fed. 365, relied upon by petitioner.
The briefs of the parties and our examination of authorities fails to disclose any case in which the courts have passed upon the character of a corporation such as the petitioner. That the purposes served by petitioner were benevolent is beyond question, but not all benevolences are charities. In re Altman’s Estate, 87 Misc. (N. Y.) 255, 149 N. Y. Supp. 601; State v. Young Men’s Christian Association, 61 N. J. L. 420; 39 Atl. 655.
It is probably unimportant that the contract between the Forst-mann & Huffmann Co. and petitioner required that funds of petitioner be used among its employees. Such a limitation upon the class of beneficiaries was imposed in John R. Sibley, Executor, supra. The important fact is that the liability of petitioner to each employee for sick and death benefits was definitely fixed without regard' to needs of the employee or his dependents. Payments made because the payee has the right to demand them can not be classified as charity. See Beck v. Pennsylvania Railroad Co., 63 N. J. L. 232; 43 Atl. 908. In our opinion petitioner more nearly resembles a benefit association than a charitable corporation. We approve the action of the respondent in denying exemption from tax.
In reaching our conclusion we have not found it necessary to discuss the effect of those provisions of the charter of petitioner which provide for the distribution of its funds on dissolution, and from which it appears that the Forstmann & Huffmann Company might have received any such funds. Such provision, considered in connection with the control which the Forstmann & Huffmann Co. unquestionably exercised over petitioner, raises a serious doubt whether its excess funds did not inure to the benefit of that company. See Susan Young Eagan et al., Executors, 17 B. T. A. 694.
It is claimed that the payments made by the Forstmann & Huff-mann Co. to petitioner during the taxable years were gifts and not *976 a part of the gross income of the petitioner. It is urged that petitioner paid nothing and gave no consideration to the company for these monies. This does not appear to be the case. The consideration for these payments was the promise of the petitioner to continue to carry out the plan which the company had devised for the benefit of its employees; a consideration which was undoubtedly of benefit to the Forstmann & Huffmann Co. The burden assumed was more than that which is imposed on a charitable corporation to apply its funds for the purposes specified in its charter or the deed of gift. Petitioner undertook not merely to furnish relief to the sick, but to pay stated amounts of sick and death benefits to all employees who became entitled to them under its plan and its contract with the Forstmann & Huffmann Co. In effect, petitioner was, in one of its most important aspects, nothing more than a corporation writing group insurance for the employees of a certain business, the premium being paid by the employer. We are of opinion that the payments made represent a part of the gross income of petitioner.
Stress is laid upon the fact that petitioner was without stockholders and organized under a statute providing for corporations other than those for pecuniary profit. The same would be true of most associations organized on the mutual plan, but it does not follow that such corporations are exempt from taxation or that they can not have a taxable income from operations or that no part of their profits inures to the benefit of any individual.
Reviewed by the Board.

Decision will be entered for the respondent.

Smith dissents.